IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN SHIELDS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 13-7657** |
| | : | |
| **GERALD ROZUM, et al** | : | |

## ORDER

**AND NOW**, this 9th day of September, 2015, upon consideration of the Petition for Writ of Habeas Corpus (Document No. 1), the response to the Petition for Writ of Habeas Corpus, the Report and Recommendation filed by United States Magistrate Judge Richard A. Lloret (Document 13), the Motion to Stay Proceedings/Motion to Compel Exculpatory Evidence (Document No. 23), and after a thorough and independent review of the record, it is **ORDERED** that:

1. The petitioner's motion for a stay is **DENIED**;

2. The Report and Recommendation of Magistrate Judge Lloret is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DENIED**; and,

4. There is no probable cause to issue a certificate of appealability.[1]

          /s/Timothy J. Savage
    TIMOTHY J. SAVAGE,  J.

---

[1] Magistrate Judge Lloret issued his Report and Recommendation on April 16, 2015 (Document No. 13). Petitioner requested and was granted two extensions of time within which to file objections to the Report and Recommendation. The deadline was finally extended to June 30, 2015.
    On June 29, 2015, instead of filing objections to the Report and Recommendation, petitioner filed a Motion to Stay and to Compel Exculpatory Evidence (Document No. 23). In that motion, he requests copies of statements given the police by two witnesses. He characterizes the statements as both exculpatory and corroborating evidence. He is referring to statements he had prior to his trial.
    Petitioner filed his habeas petition on December 30, 2013. At no time during his habeas proceedings did the petitioner ever raise these claims. Now, a year and a half later and on the last day to file objections to the report and recommendation, he requests a stay "so the state court's (sic) can review them once they turn over the Discovery." However, there is no pending state court proceeding. Thus, we deny his motion for a stay.